UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80171-ROSENBERG/REINHART

RMP ENTERPRISES LLC, d/b/a
*Ambrosia Treatment Centers*, et al.,

   Plaintiffs,

v.

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, d/b/a *CIGNA*, et al.,

   Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This Cause is before the Court on Defendants' Motion to Dismiss, DE 17. Plaintiffs responded, DE 29, and Defendants replied, DE 31. For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiffs are given leave to file an Amended Complaint.

### I. BACKGROUND

Plaintiffs are substance abuse treatment and mental health facilities. DE 1 ¶ 2. Plaintiffs are three LLCs doing business as Ambrosia Treatment Centers. Plaintiff RMP Enterprises, LLC operates a treatment center in Port St. Lucie, FL ("St. Lucie ATC"); Plaintiff Ambrosia of the Palm Beaches, LLC operates a treatment center in West Palm Beach, FL ("West Palm Beach ATC"); and Plaintiff Ambrosia South, LLC operates a treatment center in Singer Island, FL ("Singer Island ATC"). *Id.* ¶ 45. Plaintiffs "accept[] direct payments from [Defendants] Cigna and the Companies for which Cigna directly acts as the group coverage insurer [and for which Cigna acts as the third-party administrator] as reimbursement for the services it provides to Plan Members and their beneficiaries for medical and mental health services directly related to

substance abuse." *Id.* ¶¶ 5–6. The Plans for which Cigna directly acts as the group coverage insurer and for which Cigna acts as the third-party administrator are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs allege that Cigna failed to pay them for some claims, paid some claims late, and underpaid some claims. *Id.* ¶¶ 29–31.

Plaintiffs also allege that Defendants now seeks to recover funds that they already paid to Plaintiffs. *Id.* ¶ 33. According to Plaintiffs, Defendants sent a letter to Plaintiffs on September 19, 2014 informing Plaintiffs that Defendants' Special Investigations Unit was conducting an audit of claims filed for services rendered at St. Lucie ATC. *Id.* ¶ 78. Defendants and Plaintiffs then entered into a series of correspondence in which Defendants requested records as part of their audit and "Plaintiffs timely lodged ERISA appeals challenging the adverse benefit determinations." *Id.* ¶ 83. Plaintiffs also allege that Defendants put a "flag" on Plaintiffs' facilities which "prevent[ed] the facilit[ies] from treating Cigna patients for payment." *Id.* ¶¶ 81, 86. On September 13, 2016, Plaintiffs received a letter from Defendants seeking a $5,275,402.10 refund for overpayments to St. Lucie ATC. *Id.* ¶ 88. Plaintiffs allege that after conducting this audit of St. Lucie ATC, Defendants requested documents from West Palm Beach ATC and Singer Island ATC in order to conduct an audit of these facilities. *Id.* ¶¶ 106, 108. Additionally, over a several year period, Plaintiffs allege that they requested various documents from Defendants and that Defendants never provided the requested documents. *See e.g.*, *id.* ¶ 85.

Plaintiffs have now brought this Complaint alleging: claims under § 502(a) of ERISA, 29 U.S.C. § 1132(a), for Defendants' Failure to Comply with Plan Terms in Violation of ERISA (Count I); Breach of Fiduciary Duty and Co-fiduciary Liability (Count II); Promissory Estoppel (Count III); Wrongful Claims Determination (Count IV); Failure to Provide Full and Fair

Review (Count V); Failure to Provide Requested and Required Documentation (Count VI); Remove Plan Fiduciaries (Count VII); Damages (Count VIII); Attorney's Fees (Count IX); and Punitive/Exemplary Damages (Count X).

## II. MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555 (citation omitted), and must provide sufficient facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *id.* Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Defendants make numerous arguments for why each of Plaintiffs' claims should be dismissed. The Court addresses each argument in turn.

A. West Palm Beach ATC and Singer Island ATC's Standing

Defendants argue that West Palm Beach ATC and Singer Island ATC lack standing because Plaintiffs do not allege that they suffered an injury in fact. DE 17 at 4. Article III standing requires a plaintiff to allege "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiffs' Complaint does not clearly explain what harm was caused to each Plaintiff. The Court notes that Defendants' initial audit and request for repayment was directed at St. Lucie ATC, DE 1 ¶ 78, and that the later audits were directed at West Palm Beach ATC and Singer Island ATC, *id.* ¶¶ 106, 108. Despite this one distinction, Plaintiffs' Complaint treats all of the Plaintiffs as one entity and all of the Defendants as one entity. Accordingly, the Court cannot evaluate the Article III standing for West Palm Beach ATC, Singer Island ATC, or even for St. Lucie ATC. Plaintiffs allege generally that they were underpaid, paid late, or not paid for various services rendered to Defendants' insureds. Plaintiffs, however, do not make clear when the alleged underpayments, late payments, and non-payments occurred or which of the Plaintiffs had rendered the services for which they are seeking payment.

In response to Defendants' argument that Plaintiffs do not allege injury in fact, Plaintiffs argue that "[i]t is well established in the 11th Circuit that a healthcare provider may obtain derivative standing to enforce a beneficiaries claim by virtue of a valid assignment." DE 29 at 4. Plaintiffs also state that Defendants made written demands for charts from West Palm Beach

4

ATC and Singer Island ATC with the sole purpose to "cause (injury in fact)." *Id.* at 6. Although it is true that health care providers can obtain derivative standing through a valid assignment, a valid assignment does not remedy the problem of West Palm Beach ATC and Singer Island ATC's *constitutional* standing. Without clear allegations regarding the harm done to each Plaintiff, the Court cannot evaluate each Plaintiff's standing.

B. <u>Exhaustion of Administrative Remedies</u>

Defendants argue that Plaintiffs' ERISA claims (Counts I, II, and V) should be dismissed because Plaintiffs have not exhausted their administrative remedies. "The law is clear in [the Eleventh Circuit] that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citation omitted). "In the case of insurance claims, exhaustion of administrative remedies often involves an appeal of a claim denial to the insurer." *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1214–1215 (11th Cir. 2009). "Exhaustion is excused when resort to administrative remedies would be futile or the remedy inadequate, or where a claimant is denied meaningful access to the administrative review scheme in place. However, bare allegations of futility are no substitute for the clear and positive showing of futility required before suspending the exhaustion requirement." *Guididas v. Cmty. Nat. Bank Corp.*, No. 8:10-cv-1410, 2010 WL 3788740, at *3 (Sept. 24, 2010) (citations omitted).

Defendants state that "Plaintiffs allege they have submitted appeals for some unidentified claims. Plaintiffs vaguely refer to 'Level 1 appeals' and 'Level 2 appeals,' but they fail to allege which claims were allegedly appealed, when they were allegedly appealed, and how they were allegedly appealed. Plaintiffs' generalized references to 'appeals,' without identifying specific claims, are inadequate." DE 17 at 7 (citations omitted). Plaintiffs respond that "Cigna alleges that

5

the administrative remedy which must be satisfied is contained in the Plan Benefit and is not the completion of the appeals required by Cigna under their SIU [Special Investigations Unit] audit and recoupment guidelines. . . . Cigna has always represented to Ambrosia, as alleged in the Complaint, that its policies and guidelines for medical necessity is what controls whether or not payment for services will be provided." DE 29 at 6. To show that they have exhausted administrative appeals, Plaintiff points to email correspondence between them and Defendants regarding the audits which Plaintiffs allege "affirmatively convey[] that any further attempts to appeal claims to Defendants were essentially futile, effectively confirming that Plaintiff had exhausted remedies." DE 1 ¶ 152.

The Court agrees with Defendants that Plaintiffs have not met their burden to allege that they either exhausted administrative remedies or that the administrative remedies would be futile. As a threshold issue, the Court cannot discern from the Complaint exactly what claims Defendants denied or what steps Plaintiffs took to appeal those claims. The Complaint contains emails between Plaintiffs and Defendants' Special Investigations Unit regarding Defendants' recoupment demand. *See* DE 1-19. The Court, however, cannot discern what specific claims Plaintiffs are alleging Defendants underpaid or failed to pay, as the Complaint is devoid of specificity as to when and what claims Defendants did not pay or underpaid. Accordingly, the Court cannot ascertain whether Plaintiffs exhausted administrative remedies as to any adverse benefit determination. The Court also notes that it does not have the Plans at issue in this case, making it impossible for the Court to determine if Plaintiffs exhausted the administrative remedies set forth in the Plans.

C. Count I

Defendants argue that, in addition to being dismissed because Plaintiffs failed to demonstrate that they had exhausted administrative remedies, Count I for Defendants' Failure to Comply with Plan Terms in Violation of ERISA should also be dismissed because: (1) Plaintiffs do not identify the specific claims at issue; (2) Plaintiffs do not allege sufficient facts demonstrating benefits due; and (3) Plaintiffs do not plausibly allege that Cigna is the proper defendant. DE 17 at 9–12. The Court will address each argument in turn.

1. The Specific Claims at Issue

Defendants argue that:

> it is entirely unclear from the face of the Complaint which claims are at issue in Count I. Plaintiffs identify nineteen patients for which Plaintiffs allegedly rendered services between February 2012 and December 2013. It appears that Cigna paid some portion of these claims, but it is not clear whether Plaintiffs are contesting Cigna's payment amount. Subsequently, Plaintiffs allege that in February 2016 Cigna placed a 'flag' on ATC, which allegedly resulted in a 'slowing of payments' or 'complete reimbursement denial' on unidentified claims from ATC. Finally, Plaintiffs allege that Cigna has sought to recoup overpayments made to ACT. . . . It is unclear, for example, which claims Plaintiffs allege were affected by which alleged conduct and which particular claims are at issue in Count I.

DE 17 at 9. The Court agrees. Plaintiffs' Complaint tells a narrative about Defendants paying for services, then requesting records to perform an audit, then demanding a recoupment of funds, and then requesting additional records for review. In Count I, Plaintiffs allege that the Defendants failed to make payments and denied the beneficiaries a full and fair review concerning the denial of claims. DE 1 ¶ 154–157. The Complaint, however, does not make clear what claims Defendants denied. Plaintiffs respond that they "have identified the nineteen (19) patients with specificity, along with another seventy-two (72) patients contained in the subsequent Cigna letters." DE 29 at 7. This response shows the confusion in Plaintiffs'

7

Complaint; the Complaint does not state which claims Plaintiffs allege were affected by what conduct of which Defendant.

   2. Benefits Due

Defendants argue that "Plaintiffs have failed to identify the alleged covered services rendered or the specific plan provisions that purportedly confer the benefits Plaintiffs seek." DE 17 at 10. The Court agrees.

"[The] benefits payable under an ERISA plan are limited to the benefits specified in the plan. Accordingly, [a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question. In addition, to state a plausible ERISA claim, the complaint must provide the court with enough factual information to determine whether the [services] were indeed covered services under the plan." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp.*, No. 10-91589-civ, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) (citations omitted). Plaintiffs' Complaint does not identify a specific plan term that confers any of the benefits that Defendants denied.

   3. Proper Defendant

Defendants argue that "Plaintiffs fail to allege sufficient facts specifying that Cigna was acting as the 'plan administrator' with respect to any of the unspecified plans at issue." DE 17 at 12. "The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).

Plaintiffs' Complaint fails to allege sufficient facts specifying that Cigna was acting as the plan administrator with respect to any of the plans at issue in this case. As Defendants note, "Plaintiffs even admit that 'in some of the Plans at issue herein, there is no 'Discretionary

8

Authority' provision, which means that Cigna cannot lawfully interpret the provisions of the Plans.'" DE 17 at 13 (citing DE 1 ¶ 24). Accordingly, Plaintiffs' Complaint fails to allege that Defendants control the administration of the Plans at issue in this case.

### D. Duplicative Nature of Counts II and V

Defendants argue that Counts II and V, which are brought under 29 U.S.C. § 1132(a)(3), must be dismissed because they are duplicative of Count I, which is brought under § 1132(a)(1)(B); Plaintiffs can only bring claims under § 1132(a)(3) if there is no adequate remedy under the rest of § 1132. DE 17 at 14. Plaintiffs respond that "[t]hese remedies are plead (sic) in the alternative and whether the claim survives or fails cannot be determined until discovery is conducted in this case." DE 29 at 9.

Section 1132(a)(3) is a "'catchall' provision . . . [that] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Thus, "an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B), cannot alternatively plead and proceed under § 1132(a)(3)." *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999) (citing *Varity Corp*, 516 U.S. at 514).

Counts II and V are dismissed without prejudice. Plaintiffs admit in their Response that Counts II and V are pled in the alternative to Count I. DE 29 at 9. However, the Court notes that a plaintiff cannot alternatively plead counts under § 1132(a)(1)(B) and § 1132(a)(3). *See Katz,* 197 F.3d at 1088.[1] Additionally, Plaintiffs appear to have an adequate remedy under §

---

[1] Defendants also argue that Count V seeks improper relief. Defendants argue that "Plaintiffs improperly seek damages as relief for an alleged failure to receive a full and fair review." DE 17 at 15. Plaintiffs did not respond to this argument. Because Count V is dismissed as improper under *Varity* and *Katz*, the Court does not reach this argument.

1132(a)(1)(B), as alleged in Count I. Because the Court dismisses Count I without prejudice and cannot be sure at this stage that Plaintiffs can state a claim under § 1132(a)(3), the Court dismisses Counts II and V without prejudice.

### E. Count III

Defendants argue that Plaintiffs' Promissory Estoppel claim (Count III) must be dismissed because (1) it is preempted by ERISA and (2) Plaintiffs do not allege the requisite elements for a promissory estoppel claim.

#### 1. Preemption

"ERISA preempts state laws that 'relate to' employee benefit plans." *Peacock Med. Lab, LLC v. Unitedhealth Grp., Inc.*, No. 14-81271-cv, 2015 WL 5118122, at *3 (S.D. Fla. Sept. 1, 2015). Here, Defendants' preemption argument is that Plaintiffs cannot both bring their promissory estoppel claim in their own right as third party providers, DE 1 ¶ 168, and "purport to be 'beneficiaries' under ERISA § 502(a) as a result of an 'assignment of benefits' from its patients" in bringing this Complaint, DE 17 at 16.

The mere fact that Plaintiffs bring some claims as third party providers and some as beneficiaries of an assignment of benefits does not mean that their promissory estoppel claim is preempted by ERISA. *See Variety Children's Hosp., Inc. v. Blue Cross/Blue Shield of Fla.*, 942 F. Supp. 562, 567–68 (S.D. Fla. 1996) ("[T]he critical question . . . is whether Variety brings its promissory estoppel claim as a beneficiary under the plan or as a third-party health care provider. Noting that Count II of Variety's amended complaint, . . . contains no mention that Variety is bringing this claim as an assignee of benefits, the Court finds that Variety seeks to invoke the doctrine of promissory estoppel in its independent status as a third-party health care provider. Accordingly, the Court finds that Count II of Variety's amended complaint does not relate to an

10

ERISA plan and, accordingly, is not preempted."); *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 243 (5th Cir. 1990) ("[T]he district court distinguished between those claims brought in Memorial's derivative capacity as an assignee of plan benefits and those brought in its independent status as a third-party health care provider.").

Plaintiffs could have explained more clearly throughout the Complaint which claims they were bringing in their own right as third party providers and which they were bringing as beneficiaries of an assignment of benefits. The promissory estoppel count, however, is clearly brought by Plaintiffs in their own right as third party providers. DE 1 ¶ 168; this does not necessarily mean that the promissory estoppel claim is not preempted by ERISA for other reasons. As explained below, the promissory estoppel claim, despite being clearly brought by Plaintiffs in their own right as third party providers, is insufficiently pled such that the Court cannot fully evaluate whether it is preempted by ERISA.[2]

2. <u>Failure to State a Claim in Count III</u>

Defendants also argue that Count III should be dismissed because Plaintiffs do not allege the requisite elements for a promissory estoppel claim. Plaintiffs do not respond to this argument.

Under Florida law, the elements of promissory estoppel are: "(1) a representation as to a material fact that is contrary to a later-asserted position; (2) a reasonable reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." *FCCI Ins. Co. v. Cayce's Excavation, Inc.*, 901 So. 2d

---

[2] If Plaintiffs choose to amend this count in their Amended Complaint, nothing in this Order precludes Defendants from raising an ERISA preemption argument regarding the amended promissory estoppel claim.

248, 251 (Fla. Dist. Ct. App. 2005). "The promise must be definite and the reliance upon it reasonable." *Peacock Med. Lab,* LLC, 2015 WL 5118122, at *5 (citations omitted).

The Court agrees that Plaintiffs fail to allege with sufficient specificity the elements of a promissory estoppel claim. The Complaint does not contain any details about the alleged promises from Defendants. It simply states that "[b]efore scheduling any procedure for Cigna members, ATC contacted Cigna or the contracted agent that is listed on each member's insurance card to confirm whether coverage was available for the scheduled services and to obtain the specific coverage details for that patient's insurance plan." DE 1 ¶ 168. Plaintiffs have pled insufficient facts to state a claim for promissory estoppel. *See Iqbal*, 556 U.S. at 678; *see also Peacock Med. Lab,* LLC, 2015 WL 5118122, at *5 ("[T]he allegations here of an indefinite confirmation of coverage are insufficient to allege the 'definite' promise required for a promissory estoppel claim.") (citation omitted).

F. Count IV

Defendants argue that Plaintiffs' cause of action for Wrongful Claims Determination (Count IV) should be dismissed because there is no such cause of action under ERISA or Florida law and, even if there was such a cause of action, it is duplicative of Plaintiffs' claim for benefits under § 1132(a)(1)(B). DE 17 at 18. In response, Plaintiffs state that they "bring actionable claims for rejection of claims which may also be considered a delay in payment."[3]

The Court agrees with Defendants. There is no cause of action for Wrongful Claims Determination under federal or Florida law. The core of Plaintiffs' allegations under Count IV is

---

[3] Plaintiffs cite a Texas state court decision, *United Servs. Auto Ass'n v. Croft*, 175 S.W. 3d 457, 474 (Tex. Ct. App. 2005), to support their claim that they can bring a cause of action for Wrongful Claims Determination. The claim at issue in *United Servs. Auto Ass'n* was a claim brought under a Texas statute.

the same as under Count I: they believe that they are entitled to payments that Cigna has not paid or has paid late. Accordingly, Count IV is not a cause of action and is duplicative of Count I; therefore, it is dismissed with prejudice.

### G. Count VI

Defendants argue that Count VI, Failure to Provide Requested and Required Documents, should be dismissed because Plaintiffs do not sufficiently allege that Cigna was statutorily required to provide them with plan documents. DE 17 at 18–19. 29 U.S.C. § 1132(c)(1)(B) states that any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary" may be liable up to $100 per day. In *Sanctuary Surgical Ctr., Inc.*, the Court dismissed the plaintiff's claim for failure to provide plan document because "the complaint in this case alleges only that the patient participants or beneficiary assigned the right to direct payment for unpaid charges to the plaintiffs, and does not allege that the patients assigned all rights under their plans, or that plaintiffs ever made an authorized request for plan documents from defendants or other plan administrator(s) supported by a signed authorization from the relevant patient(s)." 2013 WL 149356, at *11. "[I]t would be unfair to penalize an administrator for failing to disclose plan documents to a third party who has not informed the administrator of its status as an assignee and putative beneficiary." *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan,* 459 F. Supp. 2d 617, 625 (S.D. Ohio 2005).

Here, Plaintiffs have not alleged that they provided Cigna with notice of the patients' assignment of the right to request plan documentation. Plaintiffs state that "[t]he assignments and Powers of Attorneys executed by patients provide the Plaintiffs with the authority to demand the

documents." DE 29 at 12. Plaintiffs do not allege in the Complaint, however, that they informed Defendants of the assignment of rights in requesting the plan documents.[4]

H. Counts VII, VIII, IX, and X

Defendants argue that Counts VII (Remove Plan Fiduciaries),[5] VIII (Damages), IX (Attorney's Fees), and X (Punitive/Exemplary Damages) should be dismissed because they seek various forms of relief but do not state causes of action. DE 17 at 20–21. Plaintiffs respond that "[t]he allegations for the cause[s] of action and its relief are found in the body of the Complaint." DE 29 at 12.

The Court agrees with Defendants. Counts VII–X are remedies that Plaintiffs seek; they are not causes of action. It is unclear from the Complaint which counts Plaintiffs believe entitles them to which relief.

IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[4] Defendants also argue that Plaintiffs' request for penalties for Cigna's alleged failure to provide documents not identified in 29 U.S.C. § 1024(b) should be dismissed. DE 17 at 19–20. Plaintiffs do not address this argument in their Response. Plaintiffs' Complaint states that they have requested "a complete and accurate master governing plan document, a complete and accurate summary plan description, the complete administrative claim file, and all documents showing the actual basis for the adverse benefit determination and the methodology used in apply that basis and making that determination." DE 1 ¶ 194. The Court notes that the statutory penalty only applies to an administrator's failure or refusal to provide "any information which such administrator is *required by this subchapter to furnish* to a participant or beneficiary." 29 U.S.C. § 1132(c)(1)(B) (emphasis added). In their Amended Complaint, Plaintiffs should clearly show what part of ERISA entitles them to the requested documents.

[5] With respect to Count VII (Remove Plan Fiduciaries), Defendants also argue that, "even if Plaintiffs had stated a viable breach of fiduciary duty claim, the injunctive relief Plaintiffs seek is improper." DE 17 at 20. Defendants argue that, in order to be entitled to this injunctive relief, Plaintiffs must prove that they have no adequate remedy at law. *Id.* Plaintiffs do not address this argument in their Response. In Plaintiffs' Amended Complaint, they shall make clear why they are entitled to this relief.

1. Defendants' Motion to Dismiss [DE 17] is **GRANTED**;

2. The following Counts are dismissed without prejudice: Count I for Defendants' Failure to Comply with Plan Terms in Violation of ERISA is; Count II for Breach of Fiduciary Duty and Co-fiduciary Liability; Count III for Promissory Estoppel; Count V for Failure to Provide Full and Fair Review; Count VI Failure to Provide Requested and Required Documentation; Count VII to Remove Plan Fiduciaries; Count VIII for Damages; Count IX for Attorney's Fees; and Count X for Punitive/Exemplary Damages (Count X);

3. The following Count is dismissed with prejudice because amendment would be futile: Count IV for Wrongful Claims Determination; and

4. Plaintiffs shall file an Amended Complaint within ten (10) days of the rendition of this Order.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 13th day of June, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF